UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IO GROUP, INC. d/b/a TITAN MEDIA,
a California corporation,

    Plaintiff,

        vs.

JOHN DOE , an individual,

    Defendant.

**CIVIL ACTION NO.: 11-245**

## COMPLAINT

Plaintiff complains against Defendant as follows:

### Introduction

1. This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative work by Defendant John Doe and to enjoin Defendant from future infringement. Defendant reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000" an Io Group-owned movie.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendant. Plaintiff is informed and believes and based thereon alleges that Defendant engaged in the infringing activity from within this jurisdiction. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

### The Parties

5. Io Group, Inc. is a California corporation doing business as TITANMEDIA® and TITANMEN® with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works. Io Group has won numerous awards for its high-quality work, and competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

6. The true name and capacity of John Doe is presently unknown to Plaintiff, and for that reason, Plaintiff sues the Defendant under a fictitious name. Plaintiff is informed and believes and based thereon alleges that Defendant John Doe is responsible for the damages herein alleged. Plaintiff will amend this Complaint when it discovers the true name and capacity of John Doe.

### Claims of Copyright Infringement

7. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification, and prosecution. Defendant's infringement represents one of these manifestations of on-line digital piracy.

8. The system Defendant used to infringe Plaintiff's movie is a peer-to-peer file sharing system known as eDonky2000. In order to access and use the eDonkey2000 Network, a user must first download special software called an eDonkey client, the most popular client being eMule. When a user downloads eMule or another eDonkey2000 client, he obtains a user hash id, which identifies him to others on the network for the purpose of uploading and downloading infringing content.

9. eDonkey2000 relies on a centralized index residing on a series of servers. Using an eDonkey2000 client, users can access the index residing on the series of servers in order to locate copies of infringing works offered by other eDonkey2000 users. Employing the rather sophisticated technology users can identify material they wish to obtain from others. As part of the bargain, the user of course must offer content to his peers in return. Often peers will use content as a commodity to obtain content they want, even if they have no particular interest in the content they offer.

10. Defendant reproduced a copy of Io Group's movie, *Campus Pizza*, and distributed the infringing reproduction by and through the eDonkey2000 peer-to-peer network.

11. The Movie *Campus Pizza* was created with obviously high production values and is easily discernable as a professional work. Io Group created the work using professional performers,

directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

12. Prior to placing the work in the stream of commerce, Plaintiff attached to the work Plaintiff's trademark, a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

13. In June of 2010, Plaintiff discovered and documented the unauthorized reproduction and distribution of *Campus Pizza* by and through the P2P network "eDonkey2000".

14. Users of the eDonkey2000 network are not identified by name. Rather the system tracks them by their unique user hash id. However, one can identify the ip address an eDonkey2000 user is using to connect to the Internet. The ip address is roughly analogous to a telephone number.

15. On June 7, 2010, by and through eDonkey2000, from the IP address 24.206.70.218, Defendant, without Plaintiff's authorization, reproduced and distributed Plaintiff's work *Campus Pizza,* which Plaintiff previously registered with the United States Copyright Office obtaining the registration number PA 1-597-987. A true and complete copy of the United States Registration certificate is attached hereto as Exhibit A.

16. Defendant knew or should have known the infringed work belonged to Plaintiff and that Defendant did not have permission to exploit the work.

17. Defendant knew or should have known the work was a professional work and likely subject to copyright.

18. Defendant knew he did not have permission to engage in any of the acts held exclusively by copyright holders.

19. Defendant knew or should have known his acts constituted copyright infringement.

20. Defendant's conduct was willful within the meaning of the Copyright Act.

21. As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

22. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

23. In addition, because the infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c) (2).

## JURY DEMAND

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in a federally registered copyright under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)   That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his control;

(4)   That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5)   That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: March 28, 2011                                             Respectfully submitted,

                                                  DEEGEAR & MATTHEWS, PLLC
                                                  5945 Broadway
                                                  San Antonio, Texas 78209-5235
                                                  Jim@DeegearMatthewsLaw.com
                                                  Telephone: (210) 930-5557
                                                  Telecopier: (210) 930-3607

By: */s/ James O. Deegear III*
     JAMES O. DEEGEAR III
     Texas Bar No. 05713500